Filed 7/29/25  P. v. Revis CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE LAMAR REVIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B338238<br>(Super. Ct. No. YA060244-01)<br>(Los Angeles County) |

Andre Lamar Revis seeks to appeal the trial court's order denying his petition for a writ of habeas corpus.  Because an order denying a habeas corpus petition is not appealable, we dismiss the appeal.  (See *Briggs v. Brown* (2017) 3 Cal.5th 808, 836.)

In 2004, appellant committed a robbery at the Dragon Buffet restaurant in Inglewood on two different occasions while armed with a knife. He was convicted by jury of two counts of

second degree robbery (Pen. Code,[1] § 211) and one count of assault with a deadly weapon by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). Appellant admitted suffering five prior felony convictions within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)) and admitted two serious felony conviction enhancements (§ 667, subd. (a)(1). The trial court denied a motion to strike the prior convictions (§ 1385) and sentenced appellant to 70 years to life in state prison.[2]

We affirmed the judgment in an unpublished opinion. (*Revis*, *supra*, B186193.)

In March 2024, appellant filed a petition for writ of habeas corpus alleging numerous grounds for relief. The trial court issued a written order summarily denying the petition. Appellant filed a notice of appeal as to that order. He also filed a petition for writ of habeas corpus with this court, which we denied. (*In re Andre Lamar Revis* (May 22, 2024, B337612).)

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and acknowledging that the appeal was taken from a nonappealable order. Counsel nevertheless suggests this

---

[1] All further statutory references are to the Penal Code.

[2] We summarize these facts and procedural background from our prior opinion. (*People v. Revis* (Nov. 15, 2006, B186193) [nonpub. opn.] (*Revis*).)

court may construe the appeal as a habeas petition in the interest of judicial economy.  We decline to do so.[3]

Counsel also requests that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216.  Because the instant appeal is not from appellant's conviction, he is not entitled to our independent review of the record.  He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief.  (See *Delgadillo*, at p. 232.)

In his supplemental brief, which includes several exhibits (i.e., Certificates of Completion and Participation), appellant contends he is entitled to "recall/resentencing" based on "newly" enacted laws and "legislative guideline(s)."  He cites various ameliorative statutes, challenges his Three-Strikes sentence as "legally invalid[]," asserts "discriminatory disparities" pursuant to section 745, and contends the California Department of Corrections and Rehabilitation is in "contempt of court" for failing to recall and resentence him pursuant to section 1172.75 (former § 1171.1).  Appellant's contentions are meritless and unsupported by the record.  Indeed, many of his contentions are largely duplicative of those raised and rejected in his direct appeal and in prior habeas petitions.  (See *In re Miller* (1941) 17 Cal.2d 734, 735 [barring repetitive claims previously denied on the merits in a prior habeas corpus proceeding]; *In re Clark* (1993) 5 Cal.4th 750, 797-798.)  Because appellant is not entitled

---

[3] Our Supreme Court exercised its discretion to treat an appeal from a nonappealable order as a writ of habeas corpus in *People v. Segura* (2008) 44 Cal.4th 921, "in the interest of judicial economy and because the issue [was] of general concern."  (*Id.* at p. 928, fn. 4.)  Neither consideration warrants a similar exercise of discretion here.

to resentencing relief on any statutory basis identified in his brief, this contention fails.

Appellant also appears to challenge the effectiveness of counsel's representation, asserting counsel "lack[ed] the adequate knowledge to argue" "any number of resentencing issue(s)" to which appellant believes he is entitled. This contention fails because appellant cannot show counsel's representation was deficient or that he was prejudiced by any such deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.)

*Disposition*

The appeal is dismissed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

4

Laura C. Ellison, Judge

Superior Court County of Los Angeles

_____

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.